IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL J. HENRY III, | Civil No. 3:24-cv-301 |
| Plaintiff | (Judge Mariani) |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff Paul J. Henry ("Henry"), an inmate confined at the State Correctional Institution, Benner Township, in Bellefonte, Pennsylvania ("SCI-Benner Township"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Along with the complaint, Henry filed a motion (Doc. 4) for leave to proceed *in forma pauperis*. The Court's preliminary review of the complaint reveals that Henry's complaint is in violation of Federal Rule of Civil Procedure 8(a). The Court's review also reveals that Henry improperly includes unrelated claims against multiple Defendants in violation of Rule 20(a)(2). Mindful of the wide latitude given to *pro se* plaintiffs, the Court will provide Henry an opportunity to correct these pleading errors by filing an amended complaint which strictly complies with Rule 8 and Rule 20.

I.  **Factual Background & Procedural History**

Henry commenced this action with the filing of a *pro se* complaint (Doc. 1) on or about February 8, 2024.  Henry's complaint names the following sixteen Defendants: (1) the Pennsylvania Department of Corrections ("DOC"); (2) Laurel Harry, Secretary of the DOC and former Superintendent of SCI-Camp Hill; (3) George M. Little, former Secretary of the DOC; (4) Bradley Booher, Superintendent of SCI-Benner Township; (5) Morris Houser, former Superintendent of SCI-Benner Twp; (6) Holly Quist, Superintendent's Assistant at SCI-Benner Township; (7) Curtis Grice, Deputy Warden at SCI-Benner Township and Former Major at SCI-Benner Township; (8) Robert Williamson, Central Regional Office and Former Captain of RHU at SCI-Benner Township; (9) Captain Bookheimer, Security at SCI-Benner Township; (10) Lieutenant Kauffman, Security at SCI-Benner Township; (11) J. Schneck, Hearing Examiner at the Central Office; (12) Zackary J. Moslak, Chief Hearing Examiner at the Central Regional Office; (13) Stewart Boone, Mailroom Supervisor at SCI-Rockview; (14) Jacqueline Burd, Grievance Coordinator at SCI-Benner Township; (15) Nadine Ramirez, Corrections Principle at SCI-Benner Township; and (16) Hannah Bingman-Forskey, Librarian at SCI-Benner Township.  (*See* Doc. 1).  The complaint itself is more than 150 pages in length and alleges a vast number of claims beginning in 2018 and continuing through the filing of this action.  In the section of the complaint asking Henry to identify which constitutional rights he believes the Defendants have violated, Henry lists the First Amendment right to petition the government, the First Amendment right of access to

the courts, the Fourth Amendment right against unreasonable searches and seizure, the Fifth Amendment right to due process, the Sixth Amendment right to call witnesses, the Eighth Amendment right to be free from cruel and unusual punishment, and the Fourteenth Amendment right to due process. (*Id.* at pp. 8-10).

## II.   Discussion

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Henry's complaint fails to meet these basic pleading requirements. The complaint is relatively intelligible. The problem is that the factual narrative spans nearly six years and involves sixteen officials and employees of the Pennsylvania Department of Corrections. While some of the claims arguably provide sufficient factual detail to satisfy Rule 8, most of the paragraphs offer nothing more than a disconnected summary of events. And several of

the purported claims fail to identify the allegedly responsible Defendant at all. Additionally, Henry admits that many of the events are barred by the applicable two-year statute of limitations. (Doc. 1, p. 14). Later in the complaint, Henry acknowledges that the claims beginning in February of 2022 are timely filed. (*Id.* at p. 58).

In addition, much of the complaint does not identify the legal theory supporting the individual claims. Rather, it lists a hodgepodge of alleged violations—First Amendment right to petition the government, the First Amendment right of access to the courts, the Fourth Amendment right against unreasonable searches and seizure, the Fifth Amendment right to due process, the Sixth Amendment right to call witnesses, the Eighth Amendment right to be free from cruel and unusual punishment, and the Fourteenth Amendment right to due process—but fails to clearly these theories to each of the sixteen named Defendants. The complaint reads more like a rambling dissertation than a concise legal pleading. In sum, Henry's complaint "l[eaves] the defendants having to guess what of the many things discussed" constitute causes of action, the legal theory on which those causes may rest, and the Defendants against whom each cause is lodged. *See Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (nonprecedential). Henry's complaint thus fails to comply with Rule 8.

In addition, Henry sets forth the following claims for relief: compensatory and punitive damages, filing fees, attorney's fees and costs, a Court Order mandating that SCI-Benner Township create its own mailroom and business office, a Court Order mandating that

defense counsel mail documents directly to inmates, a Court Order mandating that the DOC notify inmates when legal mail is rejected, a Court Order mandating that the DOC revise its grievance policy, a Court Order mandating that SCI-Benner Township change its law library hours, and a Court Order expunging misconduct charges from his prison record. (Doc. 1-2, pp. 49-50). The Court notes that it does not have the authority to grant several of these requests for relief.

Henry's complaint causes an additional problem. Rules 18 and 20 of the Federal Rules of Civil Procedure explain the circumstances in which multiple claims and multiple defendants may be joined. Rule 18 states that a party "may join . . . as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Thus, when an action involves only one defendant, a plaintiff may assert every claim he has against that defendant, regardless of whether the claims are factually or legally related to one another, subject only to the limits of federal subject-matter jurisdiction. See 7 CHARLES ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1582 (3d ed. 2019); see also FED. R. CIV. P. 18(a).

When a plaintiff seeks to assert claims against multiple defendants, however, Rule 20 also comes into play. See WRIGHT & MILLER, supra, § 1655. Rule 20 governs permissive joinder of parties and explains that a plaintiff may only join multiple defendants in a single case if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

5

transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). In other words, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single complaint only if he asserts at least one claim linking all defendants that (1) arises out of the same transaction or occurrence and (2) involves a common question of law or fact. *Id.*; WRIGHT & MILLER, *supra*, § 1655. That is, there must be at least one common claim against all named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all defendants. *See* FED. R. CIV. P. 18(a); WRIGHT & MILLER, *supra*, § 1655. Henry's complaint violates Rule 20, and, under Rule 20, disconnected and unrelated claims against multiple defendants cannot stand.

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

### III.    Conclusion

The Court will afford Henry the opportunity to amend the complaint to comply with

the Federal Rules of Civil Procedure. Any amended complaint must comply with both Rule 8 and Rule 20, as detailed above. The amended complaint must clearly state the basis for the claims lodged against each Defendant and must narrow the claims where appropriate. *See* FED. R. CIV. P. 8(a). If Henry's amended complaint names more than one Defendant, the pleading must identify at least one common cause of action against all of them. *See* FED. R. CIV. P. 20(a)(2). To the extent Henry believes he has been subjected to a violation of his rights by a Defendant unable to be joined in this case, Henry must file separate complaints addressing the separate occurrences.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March 5, 2024